JUSTO PERALES-BENÍTEZ, Intervenor and Appellee, *v.* MANUEL SAMPAYO and HEIRS OF JOSEFA APONTE, Defendants and Appellants.

No. 3982. Argued December 3, 1926.—Decided June 8, 1927.

*F. Cervoni Gely* for the appellants.  *Manuel Tous Soto* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

By a public deed of February 1, 1922, the commercial partnership of M. Sampayo & Co. was formed to expire on the same day and month of 1924, its members being Manuel Sampayo and Antolín Taboas.

By a public deed of January 28, 1925, Sampayo conveyed to Justo Perales his rights and interests in the partnership in liquidation, and on the 20th of the following February the other partner, Taboas, conveyed his interests to Perales also by a public deed executed on that date.

On January 30, 1925, this court disposed of an action brought by the heirs of Josefa Aponte against Manuel Sampayo by reversing the judgment of the lower court and adjudging him to pay a certain sum of money, to satisfy which judgment some merchandise was attached on February

27, 1925. Justo Perales brought this action of intervention, claiming to be the owner of the merchandise by purchase from Sampayo and Taboas of their rights and interests in the partnership in liquidation. It appears from the admissions made by the heirs of Josefa Aponte in their answer to the complaint in intervention that the only thing that the intervenor had to prove was that he had purchased from Sampayo and Taboas, and to that effect his evidence was confined to the presentation of the two deeds of sale. The heirs of Josefa Aponte then filed a motion for nonsuit praying for a judgment in their favor on the ground of failure on the part of the intervenor to prove his allegations. The court overruled the motion and, after hearing the evidence introduced by the heirs of Josefa Aponte, gave judgment for the intervenor and ordered the attached merchandise to be returned to M. Sampayo & Co., now the intervenor Justo Perales as assignee of all the rights and interests acquired by him in the partnership, without special imposition of costs.

The heirs of Josefa Aponte appealed from that judgment and in their first assignment of error allege that the trial court erred in overruling their motion for nonsuit on the ground that the deeds introduced by the intervenor were not sufficient to support his action, because the deed executed by Sampayo was defective in that his wife was not a party, a necessary requisite in the sale of the business. The mention of the defect alleged is sufficient in order to be convinced that the defect does not exist, for the appearance of the wife in a deed of sale executed by her husband is only required in the conveyance of real property or rights of the conjugal partnership.

It is also alleged by the appellants that the deed of sale from Sampayo was defective because of the lack of consent of the other partner, as required by section 143 of the Code of Commerce to the effect that no partner can transfer to another person his interest in the partnership without the

consent of the other partners. But the fact that the consent of the other partners does not appear from the deed of sale is no proof that there was no such consent, and besides that prohibition was established for the benefit of the partners and they are the only ones entitled to plead it.

As regards the allegation that the deed of sale from Taboas was not sufficient to support the action of intervention because, the partnership having been constituted in 1922 with a capital of $3,010, the partners sold it for $3,842.10 a year after the partnership had gone into liquidation, we may say that that fact does not detract from the validity of the deeds of sale introduced in evidence. The only inference is that the partnership was very successful, since the value of the stock exceeded the original capital.

The appellants also allege that the intervenor had not shown the existence of the partnership. He was not bound to prove that fact because it had been admitted in their answer to the complaint and later the appellants undertook to prove it.

The other assignment of error is that the court erred in sustaining the complaint in intervention. The appellants alleged as new matter in their answer to the complaint that the stock attached belonged exclusively to Manuel Sampayo; that the conveyance made by Sampayo to his brother-in-law Perales was fraudulent for lack of consideration, and that as regards Taboas, the stock became the property of Sampayo since the dissolution of the partnership in 1924.

The heirs of Josefa Aponte neither alleged nor showed that the conveyance from Taboas to Perales was fraudulent, nor was it shown that all the goods of the partnership became at its expiration the property of Sampayo. All the evidence introduced by them was to show that the conveyance from Sampayo to Perales was fraudulent.

In the deed of conveyance from Sampayo to Perales it was stated that the consideration for the sale was $2,000 received previously; and Perales testified as a witness for

the defendant that when he bought from Sampayo he did not give him anything because Sampayo owed him $2,000; later he testified that on the day of the sale he paid Sampayo $1,000 and then said that he had not given him the $1,000 all at once, but a part thereof and the remainder gradually afterwards until the completion of the $2,000. He also stated that he paid the $2,000 in different instalments, the first of $500 before the sale, having paid nothing to Sampayo on the day of the execution of the deed; and later he stated that the sum paid prior to the execution of the deed was not $500 but $1,000; that he delivered to Sampayo the $2,000 before the sale and that Sampayo remained working in the business which he had sold him, and likewise that the witness did not pay taxes on that money because it had not been declared by him, but that he had declared other properties in Caguas and San Juan for taxation.

The heirs of Josefa Aponte produced also certificates of the Treasurer of Porto Rico showing that Justo Perales had had no properties declared either in Caguas or in San Juan during the fiscal year of 1925-26, and several witnesses testified that on being notified of the judgment of the Supreme Court against him, Sampayo mentioned, on the 1st and 2nd of February, 1925, to the attorney of the heirs of Josefa Aponte that the only property owned by him with which to pay the judgment was his shop in Caguas.

As the said conveyance was void for that reason, as the conveyance from the Taboas had not been attacked and it having not been shown that the liquidation of the partnership of M. Sampayo & Co. had been terminated, we come to the conclusion that the partners of the partnership in liquidation are Justo Perales as assignee of the share owned by Taboas therein, and Manuel Sampayo. Therefore, Perales was not the exclusive owner of the attached property but it belonged to the partnership in liquidation.

Having arrived at this conclusion, the only question left to be decided is whether the property of the partnership in

liquidation can be attached for the payment of the indebtedness of one of the partners. Section 174 of the Code of Commerce provides that the creditors of a member shall not have, with regard to the partnership, even in the case of the failure thereof, any further right than that of attaching and collecting the amounts which may be due the debtor partner by reason of profits or liquidation. In the case of *Quintana Bros. & Co.* v. *Ramírez & Co.*, 22 P.R.R. 707, followed by that of *Central Pasto Viejo Inc.* v. *Barnes*, 31 P.R.R. 779, we have held that the law does not authorize a creditor of a partner to extract property of the partnership and thus practically destroy the life of the partnership. In the case of *Silva Bros. & Co.* v. *Registrar*, 28 P.R.R. 164, we held that a partnership continues to be the owner of its property although it is in liquidation.

For the said reasons the property of the partnership could not be attached to collect a debt of one of the partners and the attachment levied thereon should be dissolved. We must affirm the judgment appealed from in that part thereof ordering that the property attached shall be placed at the disposal of M. Sampayo & Co., and modify it in that part thereof declaring that the property of the partnership belongs to intervenor Justo Perales as assignee of all the rights and interests therein held by its two members, because we hold as void the conveyance made by Manuel Sampayo to Justo Perales and limit the attachment to the share which might fall to Manuel Sampayo after the liquidation of the partnership.

Mr. Justice Hutchison took no part in the decision of this case.